IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-438-GPM |
| ) | |
| RANDALL LEE ASTIN, a/k/a Randy Astin, ) | |
| a/k/a Randall L. Astin; MELINDA ASTIN; ) | |
| RANDALL ASTIN, d/b/a Astin Farms ) | |
| Trucking, d/b/a Astin Farms; PATRICIA O. ) | |
| ASTIN; ASTIN TRUCKING; WILLIAM L. ) | |
| CORZINE; VELMA CORZINE; ) | |
| GATEWAY SEED COMPANY, INC.; PHI ) | |
| FINANCIAL SERVICES, INC.; L. KELLER ) | |
| OIL PROPERTIES, INC.; RABEN TIRE ) | |
| CO., INC.; TRACTOR TRAILER SUPPLY; ) | |
| SOUTHERN FS, INC., a/k/a Fruit Belt ) | |
| Service Company; ANNA NATIONAL ) | |
| BANK; UNKNOWN TENANTS; ) | |
| UNKNOWN HEIRS OR DEVISEES; ) | |
| UNKNOWN OWNERS; and NON-RECORD ) | |
| CLAIMANTS, ) | |
| ) | |
| Defendants. ) | |

# JUDGMENT AND ORDER DIRECTING SALE

**MURPHY, District Judge:**

All Defendants except Randall Lee Astin, Melinda Astin, and Southern FS, Inc., a/k/a Fruit Belt Service Company, were defaulted by the Clerk of Court on January 18, 2007 (*see* Doc. 30). Plaintiff United States of America now moves for entry of a default judgment. The motion (Doc. 43) is **GRANTED**, and the court **FINDS**:

1. It has jurisdiction over the parties and the subject matter of this suit. Defendants

were properly served and either failed to answer or otherwise appear and were ordered defaulted, or, with respect to Defendants Randall Lee Astin, Melinda Astin, and Southern FS, Inc., a/k/a Fruit Belt Service Company, have answered the Complaint.

2. The United States of America and Defendants Randall Lee Astin and Melinda Astin have entered into a Stipulation and Agreement providing as follows:

    a. The real estate described in Exhibit "A" attached hereto shall be sold except for two parcels of approximately two (2) acres each upon which the residence of Randall Astin and the residence of his brother are situated. The two (2) acre parcels shall correspond to the living area (residence, yard, outbuildings, etc.) used by the occupant of each residence. The acreage being sold is 180 acres more or less. The two parcels shall be determined by the survey to be conducted in conjunction with the auction.

    b. The sale shall be by public auction conducted by auctioneer Robert Alexander Real Estate and Auction Company of Paducah, Kentucky, at a time determined by the auctioneer Robert Alexander but no later than June 30, 2008. The parties to this Stipulation shall cooperate and assist the auctioneer in every reasonable way to make this auction sale come about.

    c. Melinda Astin shall subordinate the mortgage assigned to her, namely that mortgage recorded in Mortgage Book 108 at pages 159-160 Recorder's Office, Union County, Illinois, to those mortgages of Plaintiff in the real estate being sold. The priority on the proceeds of the real estate sold shall be as follows:

(1) First, any expenses of sale such as the survey referred to in subparagraph d. below

(2) Next, to Plaintiff to the extent owed on the notes and mortgages to plaintiff after all payments are deducted.

(3) Next, to Melinda Astin to the extent owed on the notes and mortgages assigned to Melinda Astin by Carroll Lynn Casey and Linda Kay Casey after all payments are deducted. The mortgage to Carroll Lynn Casey and Linda Kay Casey and assignment to Melinda Astin is identified in paragraph 9 below.

d. The auctioneer's fee for the sale shall be paid by the buyer as a buyer's premium. The auctioneer shall pay the advertising expenses. A survey will be required for this auction sale. The survey expense shall be paid prior to Plaintiff and Melinda Astin being paid.

e. The proceeds of the sale shall be distributed pursuant to a Court order.

f. That this Stipulation and Agreement shall be incorporated into this Order of Court and each and every provision of this Stipulation and Agreement shall be binding on the parties as an Order of Court.

3. The Stipulation and Agreement set forth in the preceding paragraph is fair and reasonable in all its terms and conditions and is approved.

4. The United States of America, acting through the Farm Service Agency or successor agency, United States Department of Agriculture, made loans to Randall L. Astin and Patricia O. Astin, secured by mortgages dated August 10, 1997, January 5, 1983, March 8, 1983, September 23,

1985, November 13, 1990, and November 13, 1990, in the total principal amount of $300,676.03. These loans are evidenced by promissory notes dated November 13, 1990. On September 3, 2002, the United States of America, acting through the Farm Service Agency or successor agency, United States Department of Agriculture, issued a notice of acceleration. The mortgages were recorded on August 10, 1977, January 5, 1983, March 9, 1983, September 25, 1985, November 13, 1990, and November 13, 1990, Union County, Illinois.

5. The following are the names of persons that may have claimed an interest in the above described property, but who are foreclosed from asserting their claim, if any, because of their default in this action: Patricia O. Astin, Gateway Seed Company, Inc., Phi Financial Services, Inc. L. Keller Oil Properties, Inc., Raben Tire Co., Inc., Tractor Trailer Supply, Anna National Bank, Unknown Tenants, Unknown Heirs or Devisees, Unknown Owners, and Non-Record Claimants.

6. Randall Lee Astin, Melinda Astin, and Southern FS, Inc., a/k/a Fruit Belt Service Company consent to the entry of this judgment decree.

7. By virtue of the mortgages and indebtedness thereby secured, Plaintiff United States of America has valid and subsisting liens as follows:

The real estate described in Exhibit "B" to this judgment decree and incorporated herein as though fully set forth.

Common address: 2670 Moscow Road, Dongola, Illinois 62926

8. Nothing in this judgment decree shall be construed to affect the priority of the following mortgage to the interest of any party to this suit. A real estate mortgage to William L. Corzine and Velma Corzine as mortgagees dated August 10, 1977, and filed in the office of Union County Recorder at Book 95, Page 63. This mortgage affects Tract I of the legal description of the

mortgaged premises as set forth in the preceding paragraph.

9. The mortgage referred to in subparagraph 2(c)(3) is a real estate mortgage to Carroll Lynn Casey and Linda Kay Casey as mortgagees dated January 5, 1983, and filed in the office of Union County Recorder in Volume 108 at pages 159-160. On July 21, 2005, Carroll Lynn Casey and Linda Kay Casey assigned their interest in said mortgage to Melinda Astin. Said Assignment of Mortgage was duly recorded in Volume 265 at pages 24-27, office of Union County Recorder. Melinda Astin secured the funds for the Assignment for the Mortgage by the reason of the death of her son, Sgt. Brian Romines, a member of the United States Army who was killed on active duty in Iraq on June 6, 2005. As a result of the death of Brian Romines, Melinda Astin received an insurance recovery under the Serviceman's Group Life Insurance Program. As a result of this Assignment, Melinda Astin is the owner of said mortgage to Carroll Lynn Casey and Linda Kay Casey. Melinda Astin paid a sum in excess of $60,000.00 for the assignment of this mortgage from the death of her son. Nothing in this judgment decree shall be construed to affect the priority of the mortgage referred to in this paragraph 9 to the interest of any party to this suit other than Plaintiff.

10. By virtue of the mortgages and the indebtedness thereby secured, as alleged in the complaint, Plaintiff United States of America is due the following:

a. For its own use and benefit for the costs of this suit and for:

| | |
|---|---|
| U.S. Attorney's docket and recording fees | $ 380.00 |
| U.S. Marshal's costs for service of summons | $ 1,223.12 |
| Fee to publish notice of pendency of action | $ 1,551.00 |
| Title expenses | $ 240.00 |
| TOTAL | $ 3,394.12 |

b. For the use and benefit of Plaintiff, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

| | |
|---|---|
| Unpaid principal balance | $269,607.20 |
| Accrued interest at $38.7383 per day and unpaid as of January 23, 2008 | $ 59,765.22 |
| Total amount due plaintiff as of January 23, 2008, exclusive of foreclosure costs | $329,372.42 |

c. In addition, Plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence, and costs of procuring abstracts of title, certificates, foreclosure minutes, and a title insurance policy.

d. Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged real estate and Plaintiff is entitled to recover all such advances, costs, expenses, and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

e. In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

f. In order to protect and preserve the mortgaged real estate, it may also become necessary for Plaintiff to make such repairs to the real estate as may reasonably be deemed for the proper preservation thereof.

g. Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

11. Union County, Illinois, has valid liens on the above-described property for taxes for the year 2006, and the property will be sold subject to the interest of Union County, resulting from

taxes, general or special, which are a valid lien against the above-described property.

**IT IS THEREFORE ORDERED** that judgment is entered against Randall Lee Astin, a/k/a Randy Astin, a/k/a Randall L. Astin; Randall Astin, d/b/a Astin Farms Trucking, d/b/a Astin Farms; Patricia O. Astin; Astin Trucking; Unknown Tenants; Unknown Heirs or Devisees; Unknown Owners; and Non-record Claimants for $332,766.54, and unless Defendants and their assigns and successors in interest to the above-described property pay to Plaintiff United States of America, acting through the Farm Service Agency or successor agency, United States Department of Agriculture, within three days from the date of this decree the sum of $332,766.54 with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the real estate described in Exhibit "A" to this decree shall be sold in the manner previously specified in this judgment decree.

**IT IS FURTHER ORDERED** that judgment is entered in favor of the United States and against Randall Lee Astin, a/k/a Randy Astin, a/k/a Randall L. Astin; Randall Astin, d/b/a Astin Farms Trucking, d/b/a Astin Farms; Patricia O. Astin; Astin Trucking; Gateway Seed Company, Inc.; Phi Financial Services, Inc.; J. Keller Oil Properties, Inc.; Raben Tire Co., Inc.; Tractor Trailer Supply; Southern FS, Inc., a/k/a Fruit Belt Service Company; Anna National Bank; Unknown Tenants; Unknown Heirs or Devisees; Unknown Owners; and Non-record Claimants. The real estate described in Exhibit "A" shall be sold free and clear of any claimed lien of Randall Lee Astin, a/k/a Randy Astin, a/k/a Randall L. Astin; Randall Astin, d/b/a Astin Farms Trucking, d/b/a Astin Farms; Patricia O. Astin; Astin Trucking; Gateway Seed Company, Inc.; Phi Financial Services, Inc.; J. Keller Oil Properties, Inc.; Raben Tire Co., Inc.; Tractor Trailer Supply; Southern FS, Inc., a/k/a Fruit Belt Service Company; Anna National Bank; Unknown Tenants; Unknown Heirs or

Devisees; Unknown Owners; and Non-record Claimants.

**IT IS FURTHER ORDERED** that public notice shall be given of the time, place, and terms of such sale, together with a description of the premises as referred to in Exhibit "A" of this decree to be sold, by publishing the same once each week for three (3) consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale. Said sale may be adjourned by giving public notice by proclamation. Plaintiff or any of the parties to this action may become the purchaser or purchasers at such sale.

This is a foreclosure of a mortgage of residential real estate and farm land.

The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential real estate is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court. The redemption period shall end on the latter of (1) seven months after service of mortgagor or (2) three months after the date of entry of judgment of foreclosure.

**IT IS FURTHER ORDERED** from the date of entry of this judgment decree of foreclosure through the 30th day after a foreclosure sale conducted pursuant to this judgment decree is confirmed by this Court, that Randall Lee Astin, a/k/a Randy Astin, a/k/a Randall L. Astin, and Patricia O.

Astin shall be entitled to retain possession of the above-described real estate. After the 30th day said foreclosure sale is confirmed, the purchaser shall be entitled to immediate possession of the real estate upon payment of the sale purchase price, without notice to any party or further order of the Court. The mortgagors shall peaceably surrender possession of said property to said certificate holder immediately upon expiration of said 30-day time period. In default of Randall Lee Astin, a/k/a Randy Astin, a/k/a Randall L. Astin; Randall Astin, d/b/a Astin Farms Trucking d/b/a Astin Farms; Patricia O. Astin; Astin Trucking; Gateway Seed Company, Inc.; Phi Financial Services, Inc.; J. Keller Oil Properties, Inc.; Raben Tire Co., Inc.; Tractor Trailer Supply; Southern FS, Inc., a/k/a Fruit Belt Service Company; Anna National Bank; Unknown Tenants; Unknown Heirs or Devisees; Unknown Owners; and Non-record Claimants so doing, an order of ejectment shall issue.

**IT IS FURTHER ORDERED** that upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment decree, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. Such conveyance shall be an entire bar of (i) all claims of parties against whom judgment is entered; and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by

statute except for the mortgages referred to in paragraph 5 above and all persons claiming through those mortgages.

**IT IS FURTHER ORDERED** that if the monies arising from said sale shall be insufficient to pay sums due to Plaintiff with interest as aforesaid after deducting the costs, auctioneer Robert Alexander Real Estate and Auction Company of Paducah, Kentucky, shall specify the amount of said deficiency in his report, and the United States shall retain its right to enforce its lien against any of the remaining real estate described in Exhibit B and not sold as part of the public auction of the property on Exhibit A.

**IT IS FURTHER ORDERED** that the Court hereby retains jurisdiction of the subject matter of this cause and the parties thereto for the purpose of enforcing this judgment decree. Auctioneer Robert Alexander Real Estate and Auction Company of Paducah, Kentucky, shall report his actions in the premises in this Court at the earliest possible time.[1]

**IT IS SO ORDERED.**

DATED: April 23, 2008

 S/G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

SUBMITTED:

---

[1] The Court has struggled to correct the syntax, diction, and in some instances, incompleteness, of the proposed consent judgment without in any way affecting the substance of the parties' agreement. This Court will not enter an order, regardless of the parties' agreement, that is incomplete, unedited, or employs grade school English.

*s/Robert L. Simpkins*
ROBERT L. SIMPKINS
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
Phone: (618) 628-3700
Fax: (618) 622-3810
E-mail: Robert.Simpkins@usdoj.gov

*s/Richard Kruger (with consent)*
Richard Kruger
Attorney for Randall Lee Astin, and Melinda Astin
KRUGER, HENRY & HUNTER
110 W. 5th Street
PO Box 568
Metropolis, Illinois 62960
Phone: (618) 524-9302
Fax: (618) 524-9305
E-mail: khh@hcis.net

*s/Gregory A. Veach (with consent)*
Gregory A. Veach
Attorney for Fruit Belt Service Company
n/k/a Southern FS, INC.
3200 Fishback Raod
PO Box 1206
Carbondale, Illinois 62903-3132
Phone: (618) 549-3132
E-mail: gveach@gregveachlaw.com